UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

THELMA LILIANA ZAPETA REYES #A206-845-641

CASE NO.  3:26-CV-01121 SEC P

VERSUS

JUDGE JAMES D. CAIN, JR.

WARDEN RICHWOOD CORRECTIONAL CENTER

MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM ORDER

Before the court are a Motion for Temporary Restraining Order, Motion for Immediate Release, and Motion for Stay of Removal [docs. 3, 4, 5] filed by petitioner Thelma Liliana Zapeta Reyes. She challenges her overstay in detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), alleging that she has been detained since July 2025 with no foreseeable likelihood of release. Doc. 1. Ms. Reyes's motions all effectively request a temporary restraining order based on the predicted likelihood of her habeas petition, and her motion for immediate release requests relief on the grounds that she is suffering irreparable harm due to untreated medical conditions while in immigration custody.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518,

521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The alleged length of petitioner's detention exceeds the six-month period found presumptively reasonable in *Zadvydas*. But the Supreme Court indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the court will await the government's response on an expedited briefing schedule to determine the foreseeability of his removal. As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. *Pena Ramirez v.*

*Noem*, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)). Finally, the court takes seriously any allegation of inadequate medical care. But petitioner has not attached any evidence in support of her claim that "detention authorities have failed to provide adequate treatment, appropriate diet, or necessary monitoring," leading her to experience "worsening symptoms, including infections, severe pain, and mobility limitations." Doc. 4, p. 2. Accordingly, the court cannot determine whether these conditions are so significant as to warrant the extraordinary remedy of release. The Motion for Temporary Restraining Order, Motion for Immediate Release, and Motion for Stay of Removal [docs. 3, 4, 5] are therefore **DENIED**. The petition [doc. 1] will be referred to the magistrate judge for review, after the deficiencies identified by the clerk's office have been corrected.

**THUS DONE AND SIGNED** in Chambers on the 10th day of April, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE