**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **THELMA LILIANA ZAPETA REYES #A206-845-641** | **CASE NO. 3:26-CV-01121 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Before the court are a Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 21] filed by petitioner Thelma Liliana Zapeta Reyes, a citizen of Guatemala. Petitioner, who is in immigration custody at Richwood Correctional Center, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this court. Doc. 1. The petition is opposed by the government and referred to the magistrate judge for report and recommendation. *See* docs. 13, 18. Meanwhile, petitioner has filed the instant motions [doc. 21] requesting immediate release and alleging, with supporting documentation, that she is suffering irreparable injury through unmet medical needs.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or

deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

While petitioner's medical claims are concerning, she has not met her burden of showing a substantial likelihood of success on the merits. The court will await the magistrate judge's report and recommendation but notes the parties' agreement that the execution of petitioner's removal order is stayed pending a resolution of her BIA appeal. Doc. 21, p. 10. Although she was found to have a reasonable fear of removal to Guatemala when she illegally reentered the country in 2016, the immigration court denied her application for protection under the Convention Against Torture in 2025. *See* doc. 18, att. 1. She thus fails to show that there is no significant likelihood of removal in the reasonably foreseeable future, as required to meet her burden under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Without a greater showing of potential success on the merits, the court cannot grant the extraordinary remedy of preliminary injunctive relief. Accordingly, **IT IS ORDERED** that the Motions [doc. 21] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 3rd day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**